1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ESTATE OF NORMAN FISHER JR., et          No.  2:24-cv-00109-DAD-SCR
     al.,
12
                          Plaintiffs,
13                                             ORDER GRANTING MOTION FOR
             v.                                APPROVAL OF MINOR'S COMPROMISE
14
     COUNTY OF SACRAMENTO, et al.,             (Doc. No. 29)
15
                          Defendants.
16

17

18          On February 28, 2025, plaintiffs filed a motion for an order approving a proposed minor's

19   compromise settling plaintiff S.F.'s claims brought in this action.  (Doc. No. 29.)  On March 14,

20   2025, defendants filed a statement of non-opposition.  (Doc. No. 30.)  For the reasons discussed

21   below, the court will grant the pending unopposed motion.

22                                       **BACKGROUND**

23          Plaintiff S.F. is a fifteen-year-old girl, but she was thirteen years old at the time of the

24   events giving rise to this action.[1]  (Doc. No. 29-2 at ¶ 5.)  The pending application provides a

25   detailed factual background, which the court incorporates by reference herein.  In short, this

26   action involves the death of 47-year-old Norman Fisher Jr. (the "decedent") on May 27, 2023

27   _____

     [1]  Plaintiff S.F. is a minor, but no appointment of a guardian *ad litem* was necessary in this action.
28   (Doc. Nos. 4, 4-1.)

                                               1

1    after his health deteriorated while incarcerated as a pre-trial detainee at the Sacramento County

2    Main Jail.  (Doc. No. 29-1 at 2.)

3          Plaintiffs Estate of Norman Fisher Jr. (the "estate"), Catherine Dallas Fisher (decedent's

4    mother), and S.F. (decedent's daughter) filed the complaint initiating this action on January 8,

5    2024.  (Doc. No. 1.)  The operative first amended complaint asserts the following ten claims:

6    (1) a § 1983 claim of deliberate indifference in violation of the Fourteenth Amendment asserted

7    by the estate against all defendants; (2) a claim under 42 U.S.C. §§ 12101, *et seq.* for a violation

8    of Title II of the Americans with Disabilities Act asserted by the estate against defendants County

9    of Sacramento, Sacramento County Sheriff's Department, and Sacramento County Department of

10   Health Services (the "municipal defendants"); (3) a claim under 29 U.S.C. §§ 701, *et seq.* for a

11   violation of § 504 of the Rehabilitation Act asserted by the estate against the municipal

12   defendants; (4) a § 1983 claim of interference with familial association in violation of the

13   Fourteenth Amendment asserted by plaintiffs S.F. and Catherine Fisher against all defendants;

14   (5) a § 1983 claim of interference with familial association in violation of the First Amendment

15   asserted by plaintiffs S.F. and Catherine Fisher against all defendants; (6) a claim under

16   California Government Code § 845.6 for failure to summon medical care asserted by the estate

17   against all defendants; (7) a claim under California Civil Code § 52.1 (the "Bane Act") asserted

18   by all plaintiffs against all defendants; (8) a claim for intentional infliction of emotional distress

19   asserted by the estate against defendants Romig, Babu, Gonzales, Venkatapathy, Fadaki, Patnaik,

20   Harris, Ornido, and Castex; (9) a negligence claim asserted by the estate against all defendants;

21   and (10) a claim under § 377.60 of the California Code of Civil Procedure for wrongful death

22   asserted by plaintiff S.F. against all defendants.  (Doc. No. 25 at ¶¶ 128–97.)

23          On January 23, 2025, the parties attended a mediation with retired U.S. Magistrate Judge

24   Kendall J. Newman, and the parties agreed to the terms of their settlement subject to County of

25   Sacramento board approval and the court's approval of a minor's compromise.  (Doc. No. 29-1 at

26   4.)  On February 28, 2025, plaintiffs filed the pending motion for an order approving the proposed

27   minor's compromise settling all of plaintiff S.F.'s claims in this action.  (Doc. No. 29-1.)

28   /////

**LEGAL STANDARD**

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).  To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted).

In examining the fairness of a settlement of a minor's federal claims, the district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only).  Where a settlement involves state law claims, federal courts generally are guided by state law.  *See* Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law.  California law requires court approval of the fairness and terms of the settlement.").  Under California law, a settlement for a minor and attorneys' fees to represent a minor must be approved by the court.  Cal. Prob. Code § 3601; Cal. Fam. Code § 6602.  Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob. Code § 3601.  Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and the minor's attorney.  *See* Local Rule 202(b)–(c).

**ANALYSIS**

In petitions for a minor's compromise, courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's

1   explanation of their views and experiences in litigating these types of actions, and other, similar

2   compromises that have been approved by courts.  *See, e.g.*, *Bravo v. United States*, No. 1:14-cv-

3   01004-AWI-JLT, 2016 WL 3418450, at *2–3 (E.D. Cal. June 22, 2016) (considering the posture

4   of the case and the fact that the settlement occurred as a result of a court-supervised settlement

5   conference); *Hagan v. Cal. Forensic Med. Grp.*, No. 2:07-cv-01095-LKK-AC, 2013 WL 461501,

6   at *1 (E.D. Cal. Feb. 5, 2013) (considering court-approved minor's settlements in other cases),

7   *report and recommendation adopted*, 2013 WL 552386 (E.D. Cal. Feb. 12, 2013).  Having

8   considered the unopposed motion for approval of the minor's compromise in this case, the

9   undersigned concludes that the settlement agreement in this case is reasonable and in plaintiff

10  S.F.'s best interests.

11      As an initial matter, plaintiffs provide the information required by Local Rule 202, namely

12  plaintiff S.F.'s age and sex, the nature of the causes of action to be settled, the facts out of which

13  the causes of action arose, the manner in which the settlement amount was determined, and

14  details regarding the terms of employment of plaintiffs' attorneys in this action.  (*See* Doc.

15  No. 29-1 at 2–7); *see also* L.R. 202.

16      Next, the proposed settlement agreement provides that plaintiff S.F. will receive

17  $675,000.00[2] of the overall $1,000,000.00 settlement amount offered to settle her claims.  (Doc.

18  No. 29-2 at ¶ 8.)  The court finds this amount to be reasonable under the circumstances.

19      Plaintiffs emphasize that the involvement of retired Magistrate Judge Newman in assisting

20  the parties in negotiating and reaching the terms of the proposed settlement suggests that the

21  terms are fair and reasonable.  (Doc. No. 29-1 at 6) (citing *Parenti v. Cnty. of Monterey*, No. 14-

22  cv-05481-BLF, 2019 WL 1245145, at *3 (N.D. Cal. Mar. 18, 2019) and *Colbert v. IC Marks,*

23  *Inc.*, No. 3:23-cv-00924-GPC-VET, 2024 WL 1185116, at *3 (S.D. Cal. Mar. 19, 2024)).

24  Further, plaintiffs suggest that a net recovery of $675,000 far exceeds the average award in

25  arguably similar cases involving deliberate indifference to the medical needs of incarcerated

26

27  _____

    [2]  Of this total amount, $50,000.00 is to be paid to plaintiff S.F.'s legal guardian/mother for the
    benefit of S.F. until she reaches the age of 18 and the remaining $625,000.00 is to be paid in the
28  form of a structured annuity.

persons resulting in death. (Doc. No. 29-1 at 7) (citing *Cantu v. Kings Cnty.*, No. 1:20-cv-00538-JLT-SAB, 2024 WL 169153, at *1 (E.D. Cal. Jan. 16, 2024) (approving "a net amount to be distributed to the minor plaintiff of $19,092.75" where the minor's father died in jail after suffering a seizure); *Patino v. Cnty. of Merced*, No. 1:18-cv-01468-AWI-SAB, 2020 WL 6044039, at *4 (E.D. Cal. Oct. 13, 2020) (recommending approval of a settlement involving payments of $47,513.67 to two minor children whose father died of valley fever while in jail), *report and recommendation adopted*, 2020 WL 6582525 (E.D. Cal. Nov. 10, 2020); *Frary v. Cnty. of Marin*, No. 12-cv-03928-MEJ, 2015 WL 575818, at *3 (N.D. Cal. Feb. 10, 2015) (approving a net recovery of $92,305.48 for minor plaintiff whose father died of a drug overdose while in custody); *Hagan*, 2013 WL 461501, at *1 (approving a $15,000 payment to be distributed to the minor plaintiff where his father was denied asthma medication while imprisoned and died)). Plaintiffs also acknowledge that while the loss of a parent is a permanent and significant injury, in this particular case plaintiff S.F.'s relationship with decedent and potential recovery were limited by the fact that they resided in different states, plaintiff S.F. did not receive financial support from the decedent, and decedent was expected to remain in custody for a substantial period of time. (Doc. No. 29-2 at ¶ 5.)

The court has conducted its own research and agrees that plaintiff S.F.'s net recovery is at least commensurate with, if not more substantial than, settlement amounts approved by courts for minors in cases with similar claims and factual settings. *See Clines v. Cnty. of San Diego*, No. 20-cv-02504-W-BLM, 2022 WL 16851818, at *1, 5–6 (S.D. Cal. Nov. 10, 2022) (wherein the court, after expressing concerns that the "amount of money being distributed to [the minor plaintiff] was too low," recommended approval of net settlement proceeds of $9,441.50 arising out of the wrongful death of the minor's father while in custody), *report and recommendation adopted sub nom. K.C.A. ex rel. Purvis v. Cnty. of San Diego*, 2022 WL 17097422 (S.D. Cal. Nov. 21, 2022); *E.R. v. Cnty. of Stanislaus*, No. 1:14-cv-00662-DAD-SKO, 2016 WL 3354334, at *3 (E.D. Cal. June 16, 2016) (recommending approval of net recovery of $19,000 for each minor plaintiff, whose father died by suicide in jail after expressing suicidal ideation during a medical screening, where the decedent "faced a long period of incarceration" and may "not have been able

1    to provide financial and emotional support to minor [p]laintiffs during his incarceration"), *report*

2    *and recommendation adopted*, 2016 WL 4011718 (E.D. Cal. July 26, 2016); *Doss v. Cnty. of*

3    *Alameda*, No. 19-cv-07940-CRB, 2022 WL 6156551, at *1–3 (N.D. Cal. Oct. 7, 2022)

4    (approving a net settlement amount of $748,382.95 each for two minors whose father died in

5    custody after alleged medical indifference and excessive use of force).

6            Further, the court finds that the amount deducted from plaintiff S.F.'s recovery for

7    attorneys' fees is reasonable here.  Plaintiff S.F.'s retainer agreement provides for a contingency

8    fee of twenty-five percent (25%) of the recovery on behalf of S.F. (wrongful death damages), and

9    forty percent (40%) of the recovery on behalf of decedent (survival/loss-of-life damages).  (Doc.

10   No. 29-2 at ¶ 3.)  The $1,000,000 settlement at issue is comprised of $500,000 for plaintiff S.F.'s

11   damages and $500,000 for decedent's damages.  (Doc. No. 29-1 at 7.)  As a result, plaintiff S.F.'s

12   attorneys will receive $325,000—25% of the $500,000 allocated for plaintiff S.F.'s damages, or

13   $125,000, and 40% of the $500,000 allocated for decedent's damages, or $200,000.  (*Id.*)

14   Therefore, of the $1,000,000 of the proposed settlement agreement that will be paid to plaintiff

15   S.F., 32.5% will go toward attorneys' fees.

16           In the Eastern District of California, 25% of the recovery is a reasonable benchmark for

17   attorneys' fees in contingency cases involving minors.  *See Holgerson v. L&L Trucking LLC*,

18   No. 2:22-cv-01934-DAD-AC, 2024 WL 584081, at *3 (E.D. Cal. Feb. 13, 2024).  However, this

19   court has previously approved settlements where more than 25% was paid towards attorneys' fees

20   after considering the circumstances, including counsel's time expended and expertise in the

21   relevant subject matter.  *See Long v. Fernandez*, No. 2:22-cv-01527-DAD-AC, 2024 WL

22   4654262, at *3 (E.D. Cal. Nov. 1, 2024) (concluding "that 35% of the minor's settlement amount

23   going toward attorneys' fees is reasonable under the circumstances" where "plaintiffs' counsel

24   undertook representation entirely on a contingency basis, assert that they spent nearly 500 hours

25   on the case, fronted all costs, [] had specialized knowledge in the sub-field of animal law" and

26   "generate[d] a recovery far exceeding the average award); *Nunes v. Cnty. of Stanislaus*, No. 1:19-

27   cv-00204-DAD-SAB, 2022 WL 1744968, at *5 (E.D. Cal. May 31, 2022) (recommending that

28   the proposed settlement be approved despite a contingency fee of 50% in part because the

1   plaintiffs' attorneys "advanced all costs" and the case "involve[d] a 'very specialized niche of

2   civil rights law' for which only a small number of attorneys within California are qualified to

3   handle"), *report and recommendation adopted*, 2022 WL 2212911 (E.D. Cal. June 21, 2022).

4   Notably here, plaintiffs' counsel has been involved in this case since September 2023, undertook

5   representation entirely on a contingency basis, and has "not received any compensation for [their]

6   services to date."  (Doc. No. 29-2 at ¶¶ 2–4.)  Plaintiffs' counsel also has considerable experience

7   representing plaintiffs in civil rights cases, which may well have contributed to the settlement

8   amount exceeding that of arguably similar cases in this district.  *See I.H. v. California*, No. 2:19-

9   cv-02343-DAD-AC, 2025 WL 1158975, at *5 (E.D. Cal. Apr. 21, 2025) (acknowledging that

10  attorney Merin "has practiced as a civil rights attorney in the Sacramento area for decades and has

11  been regarded by judges of this district as unique in Sacramento and one of the most experienced

12  and successful civil rights attorneys in the Sacramento area").  Accordingly, the court concludes

13  that 32.5% of the minor's settlement amount going toward attorneys' fees is reasonable under the

14  circumstances in this case.

15        In total, having considered the information provided by plaintiffs, other settlements that

16  have been approved by courts, the net amount to be paid to plaintiff S.F. under the terms of the

17  settlement, and the attorneys' fees at issue, the court will grant plaintiffs' unopposed motion.

18                         **CONCLUSION**

19        For the reasons set forth above:

20       1.      Plaintiffs' motion for approval of a proposed settlement for minor plaintiff S.F.

21              (Doc. No. 29) is GRANTED;

22       2.      Pursuant to the terms of the parties' settlement, defendants shall pay $1,000,000 to

23              plaintiff S.F. to resolve all of her claims brought in this action;

24       3.      Pursuant to the motion to approve the proposed settlement for S.F. granted by this

25              order:

26              a.      Defendants shall pay $50,000.00 to plaintiff S.F.'s counsel, to be paid to

27                    plaintiff S.F.'s legal guardian/mother for the benefit of S.F. until she

28                    reaches the age of 18;

1          b.      Defendants shall pay $625,000.00 to plaintiff S.F. in the form of a

2                  structured annuity as follows:

3                  i.      Defendants shall pay $625,000.00 to Ringler Associates, Inc. (or its

4                          designee) to fund the obligation for the periodic payments outlined

5                          in the Structure Proposal attached as an exhibit to plaintiffs' motion

6                          (*see* Doc. No. 29-2 at 10), specifically:

7                                  1.      $50,000.00 at age 18 in 2027;

8                                  2.      $50,000.00 at age 19 in 2028;

9                                  3.      $50,000.00 at age 20 in 2029;

10                                 4.      $50,000.00 at age 21 in 2030;

11                                 5.      $50,000.00 at age 22 in 2031;

12                                 6.      $150,000.00 at age 25 in 2034; and

13                                 7.      The remainder (approximately $638,007.21) at age

14                                         30 in 2039; and

15         c.      Defendants shall pay $325,000.00 to plaintiffs' counsel for attorneys' fees

16                 incurred in litigation this action; and

17     4.      The parties are reminded to file dispositional documents by no later than October

18             24, 2025, as directed by the court's previous order (Doc. No. 28).

19     IT IS SO ORDERED.

20   Dated:   **June 16, 2025**                    _____

21                                                 DALE A. DROZD
                                                   UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

28